UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER PRATTS, | |
| Plaintiff, | CIVIL ACTION NO. 3:19-cv-01192 |
| v. | (SAPORITO, M.J.) |
| STATE FARM FIRE AND CASUALTY, et al., | |
| Defendants. | |

FILED
WILKES BARRE
MAR 18 2021
PER _____
DEPUTY CLERK

## MEMORANDUM

This matter is before the court on the motion for judgment on the pleadings filed by the defendant, Bank of America, N.A. (the "Bank"), the cross motion by the plaintiff, Jennifer Pratts, and the motion by defendant, State Farm Fire and Casualty ("State Farm"). (Doc. 17; Doc. 22; Doc. 30.) The plaintiff instituted this action by a complaint filed on July 9, 2019. (Doc. 1.) State Farm filed its answer on September 6, 2019. (Doc. 3.) The Bank filed its answer on November 12, 2019. (Doc. 6.) The parties consented to the jurisdiction of the undersigned United States magistrate judge. (Doc. 13.) The Bank's motion for judgment on the pleadings, the plaintiff's cross motion, and State Farm's motion were filed on March 27, 2020, April 30, 2020, and November 16, 2020, respectively.

The parties have briefed the motions. (Doc. 17-1; Doc. 21; Doc. 23; Doc. 26; Doc. 31.) We have previously afforded the parties a substantial amount of time to try to resolve this dispute, but despite their efforts, they have reached an impasse. We conducted oral argument on March 15, 2021. The motions are ripe for disposition.

I.   STATEMENT OF FACTS

This action arises out of the plaintiff's property damage to her former residence located at 303 Players Court, East Stroudsburg, Pennsylvania (the "Premises").[1] At the time of the loss in March 2015, the Premises was encumbered by a mortgage securing the Premises which had been previously assigned to the Bank. Also, at the time of the loss, State Farm had insured the Premises pursuant to a homeowners policy providing insurance coverage for the Premises.

After the plaintiff relocated to New York, a real estate agent was responsible for maintaining the Premises. In March 2015, the real estate agent inspected the Premises and discovered that the pipes had frozen and burst, causing water damage to the home. The plaintiff submitted a

---

[1] The Premises also had an address of 128 Big Ridge Estates, East Stroudsburg, Pennsylvania.

2

timely claim to State Farm which resulted in the plaintiff filing suit in the Court of Common Pleas of Lackawanna County, Pennsylvania.[2] Shortly thereafter, the plaintiff and State Farm settled the action which resulted in State Farm issuing two checks totaling $110,510.20. Both checks were payable to the plaintiff, her attorney, and the Bank.

While the action was pending, the plaintiff defaulted on her mortgage with the Bank which resulted in the institution of foreclosure proceedings in the Court of Common Pleas of Monroe County, Pennsylvania, where judgment was entered in favor of the Bank in the amount $244,705.61. A dispute arose between the plaintiff and the Bank concerning the endorsement and distribution of the insurance proceeds. Counsel for the plaintiff suggested that the checks be cashed and placed into his firm's IOLTA account to allow him to apply some of the proceeds to his fees and costs incurred under his contract for legal services with the plaintiff. (Doc. 23-11.)[3] The Bank suggested that the entire proceeds

---

[2] That action was eventually removed to this court and docketed at No. 3:16-CV-02385. That case was closed on April 20, 2020.

[3] Under the contingent fee agreement with the plaintiff, counsel for the plaintiff would be paid thirty-five (35%) percent of the total amount recovered from the claim along with a deduction for costs incurred from the proceeds.

of settlement be distributed to it and applied against the judgment resulting from the foreclosure action without payment of plaintiff's counsel fees and costs incurred in generating the settlement proceeds. Alternatively, the Bank argues that if plaintiff's counsel is entitled to a fee, counsel is only entitled to a reasonable fee based upon the effort made in obtaining the insurance payments from State Farm. This dispute resulted in the plaintiff filing her complaint in this action on July 9, 2019. (Doc. 1.) Notwithstanding the Bank's original position that it is entitled to the full amount of the proceeds being held by State Farm, at the oral argument, it conceded that plaintiff's counsel is entitled to a reasonable fee for services rendered in securing the fund and reimbursement for costs advanced in that endeavor.

In its motion for judgment on the pleadings, State Farm contends that neither the plaintiff nor the Bank has stated a claim for relief against it and therefore, State Farm is entitled to judgment on the pleadings. It seeks dismissal on the basis that State Farm will issue the agreed-upon or court ordered amount due. Neither the plaintiff nor the

Bank has filed a brief opposing State Farm's motion.[4]

## II.   LEGAL STANDARD

The defendants have answered the complaint and moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Under Rule 12(c), a court must accept all factual averments as true and draw all reasonable inferences in favor of the non-moving party." *U.S. Fid. & Guar. Co. v. Tierney Assoc., Inc.*, 213 F. Supp. 2d 468, 469 (M.D. Pa. 2002) (citing *Soc'y Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)); *see also Westport Ins. Corp. v. Black, Davis & Shue Agency, Inc.*, 513 F. Supp. 2d 157, 163 (M.D. Pa. 2007) ("When deciding a motion for judgment on the pleadings, the court is directed to view 'the facts presented in the pleadings and the inferences drawn therefrom in the light most favorable to the nonmoving party.'") (quoting *Hayes v. Cmty. Gen. Osteopathic Hosp.*, 940 F.2d 54, 56 (3d Cir. 1991)). In deciding a Rule 12(c) motion, we may also consider "matters of

---

[4]   The plaintiff has alleged in her complaint that State Farm is ready, willing, and able to pay her the $110,510.20 arising from the property damage claim. (Doc. 1 ¶35.)

public record, and authentic documents upon which the complaint is based if attached to the complaint or as an exhibit to the motion." *Chemi SpA v. GlaxoSmithKline*, 356 F. Supp. 2d 495, 496–97 (E.D. Pa. 2005); *see also Kilvitis v. Cty. of Luzerne*, 52 F. Supp. 2d 403, 406 (M.D. Pa. 1999) ("In deciding a Rule 12(c) motion, however, a court may take judicial notice of any matter of public record."). Ultimately, "[a] party moving for judgment on the pleadings under Rule 12(c) must demonstrate that there are no disputed material facts and that judgment should be entered as a matter of law." *U.S. Fid. & Guar.*, 213 F. Supp. 2d at 469–70 (citing *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290–91 (3d Cir. 1988), and *Inst. for Sci. Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc.*, 931 F.2d 1002, 1005 (3d Cir. 1991)).

## III. DISCUSSION

It is now undisputed that counsel for plaintiff is entitled to a reasonable fee and reimbursement for costs disbursed in the plaintiff's claim against State Farm.[5] We agree that the equities in in this case

---

[5] The briefs of the Bank and the plaintiff direct us to *Appeal of Harris*, 186 A. 92 (Pa. 1936) and *Tudor Square Associates v. Lexington Insurance Co.*, Civ. A. No. 84-5489, 1990 WL 67278 (E.D. Pa. May 18, 1990).

militate in favor of recognizing a charging lien with respect to the time and effort plaintiff's counsel spent in obtaining a settlement with State Farm. The issue as to what constitutes a reasonable fee (i.e. a contingent fee or a fee based on time expended at a reasonable hourly rate) and the nature of the costs incurred is not properly before us.[6] Therefore, we will grant in part and deny in part the motions by the Bank and the plaintiff. We will defer State Farm's motion to allow it an opportunity to file a counter-and-cross-claims for interpleader. Finally, we will direct that counsel for the plaintiff present a fee petition for our consideration.

An appropriate order follows.

*signature*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: March 18, 2021

---

[6] The parties' initial briefs addressed only the questions of whether the plaintiff's counsel was entitled to reasonable fees and costs from the insurance proceeds to be paid by State Farm. The question of the proper measure of such a recovery was raised for the first time in the parties' reply briefs; *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("[A] district court need not consider arguments raised for the first time in a reply brief."); *accord Filer v. Foster Wheeler*, 994 F.Supp. 2d 679, 692 & nn. 16-17 (E.D. Pa. 2014); *Dreyer v. Sheaffer*, No. 3:08-cv-1132, 2009 WL 222668, at *5 (M.D. Pa. Jan. 28, 2009); *Reap v. Continental Cas. Co.*, 199 F.R.D. 536, 550 n.10 (D.N.J. 2001). We find this particular issue has not been adequately briefed by the parties and the better practice is to consider this question in connection with the plaintiff's fee petition.