UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER PRATTS, | |
| Plaintiff, | CIVIL ACTION NO. 3:19-cv-01192 |
| v. | (SAPORITO, M.J.) |
| STATE FARM FIRE AND CASUALTY, et al., | |
| Defendants. | |

## MEMORANDUM

This matter is before the court on the plaintiff's fee petition (Doc. 49) filed by counsel for the plaintiff. The plaintiff instituted this action by a complaint filed on July 9, 2019. (Doc. 1.) State Farm Fire and Casualty ("State Farm") filed its answer on September 6, 2019. (Doc. 3.) Bank of America, N.A. (the "Bank") filed its answer on November 12, 2019. (Doc. 6.) The parties consented to the jurisdiction of the undersigned United States magistrate judge. (Doc. 13.) The Bank's motion for judgment on the pleadings, the plaintiff's cross-motion, and State Farm's motion were filed on March 27, 2020, April 30, 2020, and November 16, 2020, respectively. We granted in part and denied in part the motions filed by the plaintiff and the Bank and we deferred a ruling

regarding State Farm's motion. (Doc. 48). Afterward, State Farm filed its counter- and cross-claims in statutory interpleader (Doc. 52), and we approved a stipulation dismissing State Farm from this case with prejudice. (Doc. 61).

The plaintiff and the Bank have briefed the issue and the petition is ripe for disposition. (Doc 60; Doc. 54.)

I. STATEMENT OF FACTS

This action arises out of the plaintiff's property damage to her former residence located at 303 Players Court, East Stroudsburg, Pennsylvania (the "Premises").[1] At the time of the loss in March 2015, the Premises was encumbered by a mortgage securing the Premises that had been previously assigned to the Bank. Also, at the time of the loss, State Farm had insured the Premises pursuant to a homeowners policy providing insurance coverage for the Premises.

After the plaintiff relocated to New York, a real estate agent was responsible for maintaining the Premises. In March 2015, the real estate agent inspected the Premises and discovered that the pipes had frozen

---

[1] The Premises also had an address of 128 Big Ridge Estates, East Stroudsburg, Pennsylvania.

and burst, causing water damage to the home. The plaintiff submitted a timely claim to State Farm which resulted in the plaintiff filing a coverage action in the Court of Common Pleas of Lackawanna County, Pennsylvania.[2] Shortly thereafter, the plaintiff and State Farm settled the action, which resulted in State Farm issuing two checks totaling $110,510.20. Both checks were made payable to the plaintiff, her attorney, and the Bank, jointly.

While the coverage action was pending, the plaintiff defaulted on her mortgage with the Bank, which resulted in the institution of foreclosure proceedings in the Court of Common Pleas of Monroe County, Pennsylvania, where judgment was entered in favor of the Bank in the amount $244,705.61. A dispute arose between the plaintiff and the Bank concerning the endorsement and distribution of the insurance proceeds. Counsel for the plaintiff suggested that the checks be cashed and placed into his firm's IOLTA account to allow him to apply some of the proceeds to his fees and costs incurred under his contract for legal services with

---

[2] That action was eventually removed to this court and docketed at No. 3:16-CV-02385. That case was closed on April 20, 2020.

the plaintiff. (Doc. 23-11.)[3] The Bank suggested that the entire proceeds of settlement be distributed to it and applied against the judgment resulting from the foreclosure action without payment of plaintiff's counsel fees and costs incurred in generating the settlement proceeds. Notwithstanding the Bank's original position that it was entitled to the full amount of the proceeds being held by State Farm, at an oral argument on the parties' motions for judgment on the pleadings held on March 15, 2021, the Bank conceded that plaintiff's counsel is entitled to a reasonable fee for services rendered in securing the fund and reimbursement for costs advanced in that endeavor. In its brief in response to plaintiff's fee petition, the Bank does not dispute the fees totaling $17,657.35 incurred by plaintiff's counsel for his representation of the plaintiff in securing the insurance proceeds from State Farm. (Doc. 54.) Following oral argument and the filing of counter-and-cross-claims by State Farm on April 1, 2021 (Doc. 52), State Farm deposited the insurance proceeds into the court's treasury registry on April 6, 2021.

---

[3] Under the contingent fee agreement with the plaintiff, counsel for the plaintiff would be paid thirty-five (35%) percent of the total amount recovered from the claim along with a deduction for costs incurred from the proceeds.

The fee petition seeks fees and costs totaling $29,438.60, which includes both the time expended by plaintiff's counsel in securing the fund from State Farm *and* in filing this action and representing the plaintiff through oral argument on March 15, 2021. Initially and throughout this litigation, the plaintiff has contended that plaintiff's counsel was entitled to be compensated pursuant to the terms of the contingent fee agreement between the plaintiff and her counsel. The fee petition, however, is not requesting payment under that agreement. Rather, the plaintiff is requesting that her counsel be paid at the hourly rate of $325 for services rendered and reimbursed costs expended in the underlying matter that generated the fund from State Farm and in this litigation totaling $29,438.60. The Bank contends that only the time spent on securing the payment from State Farm is recoverable (i.e. $17,657.35) while the time spent litigating this case against the Bank is not subject to recovery (i.e. $11,781.25). Further, the Bank has conceded that the hourly rate of $325 and the amount of time expended by plaintiff's counsel in securing the proceeds from State Farm are not disputed.

## II. LEGAL STANDARD

An attorney may recover fees from a party other than a client only if allowed by a fee-shifting statute, clear agreement of the parties, or some other established exception. *Knecht, Inc. v. United Pacific Ins. Co.*, 860 F.2d 74, 80 (3d Cir. 1988). Under Pennsylvania law, equitable principles permit an attorney to recoup the reasonable value of services expended to achieve a judgment or award on behalf of a client as a charging lien on a fund. *Tudor Square Assos. v. Lexington Ins. Co.*, Civ. A. No. 84-5489, 1990 WL 67278, at *3 (E.D. Pa. May 18, 1990). The following factors are necessary to create a charging lien:

1. The existence of a fund in court for distribution on equitable principles;

2. The services of the attorney operated substantially or primarily to secure the fund out of which he seeks to be paid;

3. It was agreed that counsel look to the fund rather than the client for his compensation;

4. The lien claimed is limited to costs, fees[,] or other disbursements incurred in the litigation by which the fund was raised; and

5. There are equitable considerations which necessitate the recognition and application of the charging lien.

*Recht v. Clarion Urban Redevelopment Auth.*, 168 A.2d 134, 136 (Pa. 1961); *see also Harris's Appeal,* 186 A. 92 (Pa. 1936).

### III.  DISCUSSION

The state of the record reflects that from and after the date of the oral argument, March 15, 2021, the Bank no longer disputed that counsel for plaintiff is entitled to a reasonable fee and reimbursement for costs disbursed in the plaintiff's claim against State Farm.  We agree that the equities in this case militate in favor of recognizing a charging lien with respect to the time and effort plaintiff's counsel spent in obtaining a settlement with State Farm.  As the Bank no longer disputes that plaintiff's counsel is entitled to a reasonable fee for the time spent and costs incurred in obtaining a settlement with State Farm at the rate and for the hours spent as set forth in the petition, the issue before us is limited to whether we should award a counsel fee to plaintiff's counsel for the time spent in *this* litigation.

We raised the precise issue before us with plaintiff's counsel at the March 2021 oral argument. In response to our inquiry whether plaintiff's counsel was entitled to fees for the time spent in *this* case, counsel responded that he did not have a position on that issue.  Nevertheless,

7

we recognize that the oral argument was on the motions for judgment on the pleadings and not on the fee petition presently before the court. In her brief, the plaintiff takes the position that her counsel should be compensated for his representation of her in *this* case. The plaintiff argues that reasonable costs and attorneys' fees may be awarded to the plaintiff in an interpleader action. (Doc. 60.) The Bank, relying upon *Tudor Square*, contends that counsel fees and costs should not be awarded to the plaintiff for her counsel's representation of her in this case.

This is not a typical interpleader action. The very purpose of interpleader is to relieve an obligor from the vexation of multiple claims in connection with a liability it admittedly owes. *Francis I. du Pont & Co. v. Sheen,* 324 F.2d 3, 4 (3d Cir.1963). Using the equitable remedy of interpleader, a *stakeholder* may file suit, deposit a sum certain with the Court, and then withdraw from the proceedings, leaving the competing claimants to litigate amongst themselves. *Allstate Settlement Corp. v. - United States,* Civil Action No. 07-5123, 2008 WL 2221897, at *3 (E.D. Pa. May 28, 2008); 7 Wright & Miller, *Federal Practice & Procedure* § 1714 (3d ed. 2021).

The elements for interpleader relief in federal court are: (1) the interpleader action must be brought by a *stakeholder* who has custody or possession of funds to be distributed; (2) the action must concern the minimal jurisdictional amount of $500; (3) there must be two or more adverse claimants asserting a right to fund; (4) the adverse claimants must be of diverse citizenship; and (5) the full amount disputed must be deposited in the court registry or bond given made payable to the clerk of courts in the appropriate amount. *Midland Nat'l Life Ins. Co. v. Rivas*, 318 F.R.D. 303, 306 (E.D. Pa. 2016); *see also* 28 U.S.C. § 1335. With the filing of the counter- and cross-claims for statutory interpleader by State Farm and its deposit of $110,510.20 into the court's treasury registry, we find that the second through fifth elements are now satisfied. However, we must determine whether the first element is met under our facts.

The action was originally brought by the plaintiff, a claimant to the deposited fund now held by the court. State Farm has made a counter- and- cross-claim in statutory interpleader and deposited the fund into court. For present purposes then it is State Farm that is the disinterested stakeholder here.

"A court has the discretion to award to an interpleader plaintiff

attorneys fees and costs if the plaintiff is (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability." *Metro. Life Ins. Co. v. Kubicheck,* 83 Fed. App'x 425, 431 (3d Cir. 2003). Here, the plaintiff is not a disinterested stakeholder, but rather a claimant seeking a portion of the fund in payment of counsel fees and costs incurred. Accordingly, we find no basis to award the disputed portion of counsel fees and costs to plaintiff. We will, however, order that the uncontested amount of $17,657.35 shall be payable to the plaintiff's counsel from the deposited fund, with the remaining balance payable to the Bank.

An appropriate order follows.,

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: June 15, 2021